UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUILLANA ASHLEY,

                Plaintiff,

v.

ANNA JONES and EVEREST
NATIONAL INSURANCE
COMPANY,

                Defendants.
_____/

Case No. 2:17-cv-12960
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

## **ORDER DENYING DEFENDANT EVEREST NATIONAL INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND AFFIRMATIVE DEFENSES (DE 31)**

This matter is before the Court for consideration of Defendant Everest National Insurance Company's motion for leave to amend affirmative defenses (DE 31), Plaintiff Quillana Ashley's response in opposition (DE 32), and Defendant Everest's reply (DE 34). The parties, through counsel, came before me for a hearing on December 14, 2018.

Plaintiff filed her complaint in this matter on September 18, 2017, asserting a claim for no-fault first party personal injury protection (PIP) benefits. (DE 1.) Defendant Everest filed its answer and affirmative defenses on November 16, 2017, listing 43 affirmative defenses, many of which were admittedly boilerplate,

not tailored to this case and essentially without foundation, as demonstrated at the hearing. (DE 9.) On October 26, 2018, over four months after the close of discovery and one month after it filed its motion for summary judgment based upon fraud and rescission, Defendant Everest filed the instant motion for leave to amend its affirmative defenses, seeking leave to add a defense of fraud and rescission as its *forty-fourth* affirmative defense. (DE 31.) Plaintiff opposes Defendant's motion, arguing that Defendant Everest has not established good cause for such an untimely amendment and that such late amendment would unduly prejudice her. (DE 32.)

The Court having found that:

- Defendant Everest has not established good cause for its undue delay in seeking leave to amend its pleading;

- Defendant's original affirmative defenses did not meaningfully notify Plaintiff of which defenses it actually intended to pursue;

- significant portions of Defendant's proposed set of amended affirmative defenses are not supportable or proposed in good faith after the close of discovery (see DEs 31 ¶ 41, 31-4);

- Defendant had multiple opportunities to move to amend to add the affirmative defense prior to the expiration of the stipulated deadline to amend pleadings (see Discovery Plan, DE 18 at 7), and well prior to

the close of discovery and filing of its summary judgment motion, but failed to do so; and,

- such late amendment would significantly prejudice Plaintiff, who would be entitled to move to reopen discovery to address the new factual allegations in the proposed affirmative defense,

Defendant Everest's motion for leave to amend (DE 31) is **DENIED** for the reasons stated on the record, all of which are incorporated by reference as through fully restated herein.

**IT IS SO ORDERED.**

Dated: December 18, 2018  s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on December 18, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti